1   Christopher W. Bayuk, Esq. (State bar No. 121751)
    BAYUK & ASSOCIATES, Inc.
2   401 West "A" Street, Suite 1400
    San Diego, California 92101
3   Telephone: (619) 232-7945
    Facsimile: (619) 232-7953

4   Attorneys for Plaintiff, Kayla Cashman, by and
    through her Guardian Ad Litem, Bernadette
5   Hilgeman; and Stephen Cashman

FILED

08 MAR 20 AM 11: 43

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:        CP        DEPUTY

6

7                    UNITED STATES DISTRICT COURT

8                    SOUTHERN DISTRICT OF CALIFORNIA

9

10

11  KAYLA CASHMAN, BY AND THROUGH        Case Number 08 CV 0519 BEN POR
    HER GUARDIAN AD LITEM BERNADETTE
12  HILGEMAN; AND STEPHEN CASHMAN

13           PLAINTIFF(S),              COMPLAINT FOR PERSONAL INJURY

14  V.
                                        1.  UNLAWFUL SEARCH AND SEIZURE
15                                      2.  UNLAWFUL POLICIES, CUSTOMS OR
    SAN DIEGO UNIFIED SCHOOL DISTRICT;      HABITS
16  JAMES GOOD, INDIVIDUALLY AND        3.  NEGLIGENCE
    DOES 1 THROUGH 20                    4.  FALSE ARREST/FALSE IMPRISONMENT
17                                      5.  CIVIL RIGHTS VIOLATION
                                        6.  INTENTION INFLICTION OF EMOTIONAL
18                                          DISTRESS

19                                      Judge:
                                        Dept:
20

21

22                                      *ORIGINAL*

23

24          COMES NOW plaintiffs, Kayla Cashman by and through her Guardian ad Litem

25  Bernadette Hilgeman, and Stephen Cashman, individually and for causes of action against

26  defendants and each of them, complains and alleges as follows:

27

28

Bayuk &
Associates
10618

Complaint for Personal Injuries - Cashman

## GENERAL ALLEGATIONS

1.       Plaintiff, KAYLA CASHMAN, is a minor and resident of San Diego, California, and the accident complained herein occurred in the County of San Diego.  Plaintiff is a minor having been born on July 11, 1991.   Plaintiff alleges and affirms that a proper governmental claim was submitted to the San Diego Unified School District for the injuries alleged herein, and such claim was denied, in a letter dated September 24, 2007, and thereafter mailed by the District. Following the Dismissal of all charges in the criminal action, a supplemental claim was submitted to the District, which claim was summarily denied on March 19, 2008.  The time for bringing this complaint is within the statutory timelines provided by law.

2.       Plaintiff, Stephen Cashman, is a resident of the County of San Diego.  Plaintiff alleges and affirms that a proper governmental claim was submitted to the San Diego Unified School District for the injuries alleged herein, and such claim was denied, in a letter dated September 24, 2007, and thereafter mailed by the District.  The complaint brought herein is filed within the requisite statutory period for bringing such claims.

3.       Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT (hereinafter "District") at all times relevant to this complaint was and/or is a governmental agency and/or District and which is subject to the Government code.  The District owns and operates Patrick Henry High School wherein the acts herein complained occurred on and after March 31, 2007.

4.       Defendant JAMES GOOD   (hereinafter "Good") at all times relevant to this complaint was and/or is a resident of San Diego, and further, during all relevant times to this complaint was acting outside the authority provided to him as a District, and whose actions were so reprehensible as to subject him to independent liability for the acts complained of herein.

5       Plaintiff is unaware of the true names and capacities of the defendants named as DOES 1 through 50, and therefore sue these defendants as fictitious parties.  Plaintiff will, upon learning the true names and capacities of these DOE defendants, seek leave to amend the complaint so that the true names and capacities of these individuals may be added to the complaint.  At this time, Plaintiff states on information and belief that each of the fictitiously named defendants was at all pertinent times acting as the agent of the named defendants and one

1   another and are responsible in some manner for the events and happenings herein referred to and

2   caused injuries and damages proximately thereby as hereinafter alleged.

3                               **FACTUAL BACKGROUND**

4          6.     On or about March 31, 2007, plaintiff was a student at Patrick Henry High School

5   (hereinafter referred to as PHHS) which is part of the San Diego Unified School District.

6   Plaintiff was a member of the Patrick Henry High School track team and was participating in the

7   Elmer Runge Invitational track meet sponsored by PHHS.  Prior to the meet, plaintiff and other

8   PHHS track athletes were advised and requested to assist visiting team coaches, with

9   transportation of equipment.

10         7.     According to PHHS custom and practice, students were utilized to operate District

11  owned golf and/or utility carts during the course of the track meet.  District employees provided

12  keys and authority to student's to operate the golf carts.  On March 31, 2007, two (2) such

13  students were selected, but the responsible teacher/coach never verified California Driver's

14  license status or pre-existing disciplinary actions taken against either student.  Neither student

15  recall being told other kids could not drive the carts.  The students with the keys to the carts were

16  not monitored or supervised while the carts were used at the track meet.

17         8.     Prior to 3:00 pm, on March 31, 2007, plaintiff, Kayla Cashman, saw students

18  driving the golf carts and helping put away cones and other materials utilized during the course

19  of the track meet.  She subsequently only saw one cart being used, because one had ceased to

20  operate.

21         9.     At approximately, 3:00 pm March 31, 2007, Plaintiff, Kayla Cashman, was asked

22  by one of the students driving the cart, if she wanted to drive, too which she responded yes.

23  While watching an event, one of the visiting track coaches requested assistance with materials he

24  needed taken to his car.  Plaintiff agreed to assist, and she along with the other students took the

25  coaches equipment to his car which was parked on an upper level on PHHS property.

26         10.    While returning to the main field level, plaintiff lost control of the cart, and

27  crashed into a cyclone fence causing herself injury, which included a broken ankle requiring

28  internal fixation and multiple surgeries.  As of the date of this filing plaintiff, Kayla Cashman,

1    continues to suffer pain and discomfort in her ankle, and continues to have hardware embedded

2    in her ankle. Plaintiff never left school ground with the cart.

3         11.    District personnel were aware of the accident and injuries on March 31, 2007.

4    PHHS students were on Spring Break from April 2nd through and including April 6, 2007.

5    Neither Plaintiff, Kayla Cashman, nor her parents were contacted regarding the cause of the

6    accident during Spring Break.

7         12.    Campus police officer, Jesus Montana, received formal notification of the

8    accident on Sunday, April 2, 2007, via e-mail. On April 9, 2007, the students, including plaintiff

9    returned to School. Plaintiff, Kayla Cashman, was removed from her fifth period class, and

10    escorted by campus security assistant's to Mr. Montana's office.    Prior to conducting

11    interrogation, Mr. Montana was aware that a criminal offense had been committed, and that

12    Plaintiff was the primary if not only alleged culprit.    Officer Montana was unaware of the

13    Constitutional requirement requiring a parent be present during an interrogation. Officer

14    Montana was unaware of any District policy requiring a parent be present during an

15    interrogation.  Officer Montana conducted the interrogation with only he and plaintiff present.

16    After the interrogation, Officer Montana arrested plaintiff for stealing the golf cart and

17    vandalism.    Officer Montana subsequently released Plaintiff to defendant Good, advising

18    defendant Good of the arrest.  Both officer Montana and defendant Good, repeatedly advised

19    plaintiff that all charges and disciplinary action would go away if she and/or her father agreed to

20    pay for the damage to the cart.  Plaintiff refused.

21         13.    Defendant Good thereafter contacted plaintiff, Stephen Cashman, and advised him

22    that his daughter had been arrested, for felony theft and vandalism arising out of the golf cart

23    incident, and further advised plaintiff Stephen Cashman that all charges would be dismissed and

24    disciplinary action would stop, if Stephen Cashman agreed to pay for damage to the cart.

25         14.    Plaintiffs' refused to pay for the golf cart repairs, and appealed the suspension.

26    Based upon further investigation by the Defendant District, the Amended suspension form was to

27    delete any reference to property theft. Despite these representations by the DISTRICT on March

28    6, 2008, plaintiff, Kayla Cashman formally appeared for trial on felony counts of theft and

-4-

1   malicious vandalism.  Despite the self – serving testimony of Officer Montana, the Court, per the

2   Honorable, Judge Cynthia Bashant, granted defendants §1118 motion and dismissed all charges

3   against plaintiff, Kayla Cashman after the prosecution rested its case in chief for lack of

4   evidence.

### I.

### FIRST CAUSE OF ACTION

[42 U.S.C. §1983 Constitutional Violations—
Unlawful Search and Seizure and Excessive Force]

15.   Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and
incorporates by reference each and every allegation contained in Paragraphs 1 through 14 above
as though fully set forth herein.

16.   As a result of the acts alleged above, particularly the unlawful detentions,
unlawful arrest and unlawful seizures of Plaintiff as described above, Plaintiff was unlawfully
seized by Defendant District, by virtue of the action of officer Montana and Good, without a
warrant, probable cause or reasonable suspicion, and without conducting a proper investigation.
Thus, Plaintiff suffered an unlawful seizure in violation of her constitutional rights as guaranteed
by the Fourth Amendment to the United States Constitution.  As a result, Plaintiff is entitled to
damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

17.   As a further result of the acts alleged above, defendant used unreasonable,
unjustified threat of excessive force and coercion upon Plaintiff Kayla Cashman.  This
unreasonable and excessive use of force constituted an unlawful seizure, in violation of
Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States
Constitution.  As a result, Plaintiff Kayla Cashman is entitled to damages pursuant to Title 42
U.S.C. § 1983 in an amount to be proven at trial.

Bayuk &
Associates
10618          Complaint for Personal Injuries - Cashman

18. As a further result of the acts alleged above, particularly the acts of filing false and/or inaccurate police reports which caused Plaintiff Kayla Cashman to be falsely charged with criminal violations, Plaintiff Kayla Cashman suffered an unlawful and/or malicious prosecution in violation of her right against unreasonable seizures as guaranteed by the Fourth Amendment to the U.S. Constitution. As a result, Plaintiff Kayla Cashman is entitled to damages pursuant to Title 42 U.S.C. section 183, et seq. in an amount to be proven in trial.

19. In committing and witnessing the acts alleged above, defendants and each of them failed to prevent, stop and/or intervene in these unprovoked and unjustified acts of unlawful detention/arrest, excessive force and/or malicious prosecution against Plaintiff, and failed to protect Plaintiff from these constitutional violations by its employees and/or agents, thereby violating Plaintiffs' Fourth Amendment rights.

20. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered severe emotional distress from her unlawful seizures and the acts of threats by the officers. Plaintiff suffered additional emotional distress from her wrongful incarceration and her false/malicious prosecution. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § Constitutional Violations via
Unlawful Policies, Customs or Habits]

21. Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 14 above as though fully set forth herein.

22. On information and belief Plaintiff Kayla Cashman alleges that defendant District individually, and through it's campus police, has unlawful policies, customs and habits of

1    improper and inadequate hiring, training, retention, discipline and supervision of it's officers,

2    proximately causing the constitutional deprivations, injuries and damages alleged in the First

3    Cause of Action.  Plaintiff alleges that the policies established by the DISTRICT violate

4    Constitutional rights by failing to require a parent be present during interrogations, and as such

5    the DISTRICT violates its fiduciary duty to act as In loco parentis and violates its obligations to

6
     act as In loco parentis.  Plaintiff is further informed and believe that other citizens have been
7
     treated unlawfully and abused by officers, but the District, has a custom, policy or practice of
8

9    failing to properly protect the rights of minor's by failing to contact a parent prior to

10   interrogations, thus leading to the Constitutional violations against Plaintiffs as described above.

11   As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be

12
     proven at trial.
13

14         23.    Further, on information and believe Plaintiff's allege that defendant District, has

15   an unlawful policy, custom or habit of permitting or condoning unlawful seizures and detentions,

16   by its campus police force,, and of permitting and condoning unlawful interrogations by its

17   officers, which led to unlawful search and seizure.  Defendant District has a further unlawful

18
     policy, custom and habit of inadequate training, supervision and discipline of its officers,
19
     including the deputies involved in this incident.
20

21         24.    Specifically, the District refused and failed to investigate the complaint, of

22   Plaintiffs' herein.  Indeed, District refused to investigate Plaintiffs' complaint based solely upon

23   the police report of the very officer that abused Plaintiff who was the subject of Plaintiffs'

24
     complaint and whose version of this incident Plaintiff' vigorously disputed.  In short, the District
25
     reached a conclusion that the officer & administration acted properly without an investigation,
26

27   without interviewing several civilian witnesses and despite the fact that a Superior Court judge

28   dismissed Plaintiff Kayla Cashman's criminal case as a result of her finding that Plaintiffs were

1    unlawfully seized by these deputies, in violation of their Fourth Amendment rights, and finding

2    no credible evidence to support the charges and/or crimes.

3        25.    These policies and failures constituted additional ratification of and acquiescence

4    in acts of, false arrest, unlawful search and seizure and other improprieties by the District and its

5    officers, which thereby encourages officers to continue to commit additional improprieties, then

6

7    prepare false and inaccurate reports.  These policies and failures were the moving force behind

8    the injuries suffered by Plaintiff, constituted ratification by the District and also constituted

9    deliberate indifference to the rights and safety of Plaintiff and other members of the public.

10        26.    As a proximate result of the unlawful policies, customs and habits alleged above,

11    Plaintiffs suffered the constitutional violations, injuries and damages alleged in the First Cause of

12    Action and thus are entitled to general and compensatory damages against defendant SDUSD in

13    an amount to be proven at trial.

14

15

16                        **STATE LAW CLAIMS**

17        The following claims are brought under California law on behalf of both Plaintiffs.

18

19                        **THIRD CAUSE OF ACTION**

20

21                            [Negligence]

22        27.    Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and

23    incorporates by reference the allegations contained in paragraphs 1 through 14 above as though

24    fully set forth herein.

25        28.    By the acts alleged above, Defendant District was negligent and breached its duty

26    of due care owed to Plaintiff, Kayla Cashman, thereby causing the injuries and severe emotional

27    distress as described in the Factual Allegations and the First Cause of Action, particularly

28

paragraphs 6 through 20 above.  Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

29.    Defendant, DISTRICT was further negligent in permitting student's to drive and utilize the golf carts without supervisory control, monitoring and oversight.

30.    Defendant DISTRICT's failure to control and/or monitor and/or supervise the operation of the carts led directly to Plaintiff, Kayla Cashman's operating the cart and suffering of physical injuries by way of the cart running into the fence.  Said inaction and failures by the DISTRICT was the proximate cause of plaintiff's injuries arising from the collision with the fence and for which she has suffered injury and incurred expenses, physical deformity, pain and suffering and distress.

31.    Further, Plaintiff is entitled to recover for the emotional distress she suffered as a result of the action of the District.  Plaintiff is therefore entitled to recover general and compensatory damages for their emotional distress in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
[False Arrest/False Imprisonment]

30.    Plaintiff , Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference the allegations contained in paragraphs 1 through 29  above as though fully set forth herein.

31.    By the acts alleged herein, particularly the act of unlawfully detaining, falsely arresting and/or falsely imprisoning Plaintiff, Kayla Cashman, without a warrant or probable cause, Plaintiff was falsely arrested and/or falsely imprisoned, entitling her to damages pursuant to California law.

32.    As a result of these acts, Plaintiff suffered the injuries and damages described in the Factual Allegations and paragraphs 6 through 30 above and severe pain, suffering and/or

emotional distress, and legal fees and costs to defend herself in the criminal proceeding entitling her to damages in an amount to be proven at trial.

33.    In committing the acts alleged above, the individually named defendants acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

[Civil Code § 52.1 Civil Rights Violation]

34.    Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 above as though fully set forth herein.

35.    The acts alleged above, particularly the acts of unjustified criminal prosecution and unreasonable search and seizure, constituted an unlawful seizure, in violation of Plaintiff, Kayla Cashman's, rights guaranteed by the California Constitution (Article I, Section 13) and the United States Constitution, specifically the Fourth Amendment thereto. These acts were committed by threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code section 52.1(b).

36.    As a result of these acts, Plaintiff suffered the injuries and damages described in the Factual Allegations and paragraphs 28 through 33 above and severe pain, suffering and emotional distress, entitling her to damages in an amount to be proven at trial.

37.    In committing the acts alleged above, the individually named defendants acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in the amount to be proven at trial.

## SIXTH CAUSE OF ACTION

[Intention Infliction of Emotional Distress]

38.    Plaintiff, Stephen Cashman, realleges and incorporates by reference the allegations contained in paragraphs 1 through 14 above as though fully set forth herein.

39.    In committing the acts hereinbefore described Defendant Good crossed the bounds of human decency by informing plaintiff, Stephen Cashman that his daughter had been arrested and expelled from school, unless and until either plaintiff agreed to pay for the damage caused to the cart which was the result of defendant's own acts and/or omissions.  That at the time, Defendant Good made the statements he intended to provoke and did provoke an angry response from plaintiff, and to coerce and/or extort the money Good was demanding for the cart repair.

40.    As a result of hearing the statements uttered by defendant Good, plaintiff Stephen Cashman had an immediate and lasting angry emotional response.

41.    During all relevant times hereto defendant Good knew or should have known that his statements were likely to cause and did in fact cause an immediate and long lasting emotional response which as substantially caused by the actions of defendant Good.

42.    In committing the acts alleged above, the individually named defendant acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff Stephen Cashman and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in the amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against the defendants, and each of them, as follows:

1.    For general and compensatory damages against defendants and each of them in the amount to be proven at trial;

2.    For exemplary and punitive damages against all defendants except defendant San Diego Unified School District, in an amount to be proven at trial;

Bayuk &
Associates
10618

Complaint for Personal Injuries - Cashman

3.        For costs of suit herein, including reasonable attorney fees; and

4.        For such other relief as the Court deems proper.

BAYUK & ASSOCIATES, Inc.

DATED: March 20, 2008                    By: _____

Christopher W. Bayuk, Attorneys for Kayla
Cashman, by and through her Guardian ad
Litem, Bernadette Hilgeman and Stephen
Cashman, individually.

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148977    — SH**

**March 20, 2008
11:47:20**

**Civ Fil Non-Pris**
USAO #.: 08CV0519
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: BC1893

**Total—> $350.00**

FROM: CASHMAN ET AL V. SDUSD ET AL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Kayla Cashman, by and through her Guardian ad litem Bernadette Hilgeman and Stephen Cashman

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Christopher W. Bayuk - Bayuk & Associates, Inc., 401 West "A" Street, Suite 1400, San Diego, CA 92101

### DEFENDANTS

San Diego Unified School District; Jesus Montana; James Good

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0519 BEN POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983
Brief description of cause:
False arrest and prosecution of a minor - violation of civil rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE    3/20/08

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #  148977   AMOUNT  $350   APPLYING IFP    JUDGE    MAG. JUDGE

SH 3/20/08

**ORIGINAL**

CR