1  STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
   MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
2  HIGGS, FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
3  San Diego, CA 92101-7913
   TEL: 619.236.1551
4  FAX: 619.696.1410

5  Attorneys for Defendants
   SAN DIEGO UNIFIED SCHOOL DISTRICT and
6  JAMES GOOD

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 KAYLA CASHMAN BY AND THROUGH        CASE NO. 08 CV 0519-BEN (POR)
   HER GUARDIAN AD LITEM,
12 BERNADETTE HILGEMAN; AND            DEFENDANTS' MEMORANDUM IN
   STEPHEN CASHMAN, AN INDIVIDUAL,     SUPPORT OF MOTION TO DISMISS
13                                     PURSUANT TO F.R.C.P. 12(b)(1), (6)
                  Plaintiffs,
14
                                       [F.R.C.P. 12(b)(1),(6)]
   v.
15
   SAN DIEGO UNIFIED SCHOOL            DATE:        August 4, 2008
16 DISTRICT; JAMES GOOD,               TIME:        10:30 a.m.
   INDIVIDUALLY, and DOES 1 through 20, COURTROOM.: 3
17                                     JUDGE:       Hon. Roger T. Benitez
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

HIGGS, FLETCHER
 & MACK LLP
ATTORNEYS AT LAW
  SAN DIEGO              859526.2                              08 CV 0519 BEN (POR)

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | AUTHORITY FOR DISMISSAL | 1 |
| III. | MS. CASHMAN'S CAUSES OF ACTION FOR VIOLATION OF SECTION 1983 FAIL AS A MATTER OF LAW | 2 |
| | A. The District is Immune Under the Eleventh Amendment. | 2 |
| | B. Sufficient Facts Have Not Been Pled As Against Mr. Good or the District. | 3 |
| IV. | WITHOUT FEDERAL QUESTION JURISDICTION AND IN THE ABSENCE OF DIVERSITY, THE PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED | 5 |
| V. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Balistreri v. Pacifica Police Dept.*
(1990) 901 F.2d 696...................................................................................................... 2

*Belanger v. Madera Unified School District*
(9th Cir. 1992) 963 F.2d 248......................................................................................... 3

*Collins v. Harker Height*
(1992) 503 U.S. 115....................................................................................................... 5

*Conley v. Gibson*
(1957) 355 US 41........................................................................................................... 1

*Gibson v. United States*
(9th Cir. 1986) 781 F.2d 1334, 1338............................................................................. 3

*Graehling v. Village of Lombard, III*
(1995) 58 F.3d 295........................................................................................................ 2

*Graham v. Connor*
(1989) 490 U.S. 386....................................................................................................... 2

*In re Rangy G.*
(2001) 26 Cal.4th 556, 563............................................................................................ 5

*Johnson v. Knowles*
(9th Cir.1997) 113 F.3d 1114........................................................................................ 4

*Kantor v. Wellesley Galleries, Ltd.*
(9th Cir. 1983) 704 F.2d 1088....................................................................................... 6

*New Jersey v. T.L.O.*
(1985) 469 U.S. 325....................................................................................................... 4

*Regents of Univ. of Cal. v. Doe*
(1997) 519 U.S. 425, 429.............................................................................................. 3

*Saucier v. Katz*
(2001) 533 U.S. 194....................................................................................................... 5

*Sheehan v. Gustafson*
(8th Cir. 1992) 967 F.2d 1214....................................................................................... 6

*Warren v. Fox Family Worldwide, Inc.*
(9th Cir. 2003) 328 F.3d 113, 1139............................................................................... 2

*West v. Atkins*
(1988) 487 U.S. 42..................................................................................................... 1, 3

*Wofford v. Evans*
(4th Cir. 2004) 390 F.3d 318......................................................................................... 5

**Statutes**

28 U.S.C. 1332............................................................................................................... 6

California Civil Code section 52.1................................................................................ 6

F.R.C.P. 12(b)(1)................................................................................................... 1, 2, 6

## TABLE OF AUTHORITIES
(continued)

Page

F.R.C.P. 12(b)(6) .................................................................................................. 1, 6
Section 1983 ................................................................................................. 1, 2, 3, 5

Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT (the "District") and JAMES GOOD ("Mr. Good," and collectively with the District, the "Defendants") hereby respectfully submit the following memorandum in support of their motion to dismiss Plaintiffs KAYLA CASHMAN's ("Ms. Cashman") and STEPHEN CASHMAN's ("Mr. Cashman," and collectively with Ms. Cashman, the "Plaintiffs") first amended complaint pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and (6).

## I.

## INTRODUCTION

Ms. Cashman alleges she was mistreated by the Defendants after she improperly took, drove and crashed a District golf cart and sustained injuries. In addition to various California state law claims sounding primarily in tort, Ms. Cashman has alleged violations of 42 U.S.C. section 1983 ("Section 1983"). Mr. Cashman, on the other hand, contends Mr. Good intentionally inflicted emotional distress upon him (a state law claim). All parties are citizens of California.

As set forth herein, the Eleventh Amendment to the United States Constitution immunizes the District from Ms. Cashman's Section 1983 claims alleged in her first and second causes of action. Moreover, she has not set forth a cognizable legal theory as against Mr. Good, necessitating dismissal of Ms. Cashman's first and second causes of action. Accordingly, following dismissal of Ms. Cashman's Section 1983 claims, there is no federal question jurisdiction.

Further, on the face of the Plaintiffs' complaint, diversity jurisdiction does not exist to support their state law claims. Consequently, this Court does not have subject matter jurisdiction over this dispute, and the entire complaint must be dismissed.

## II.

## AUTHORITY FOR DISMISSAL

When faced with a F.R.C.P. 12(b)(6) Motion, the Court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v. Gibson* (1957) 355 US 41, 45-46. Dismissal for failure to state a claim under F.R.C.P. 12(b)(6) is proper where

there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *See, Balistreri v. Pacifica Police Dept.* (1990) 901 F.2d 696, 699; *Graehling v. Village of Lombard, III* (1995) 58 F.3d 295, 297.

As outlined herein, Ms. Cashman's first and second causes of action for alleged violations of Section 1983 lack both a cognizable legal theory and sufficient facts.

Further, an F.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made upon the grounds that the complaint fails to allege a basis for federal subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F.3d 113, 1139.

Diversity does not exist between the Plaintiffs and the Defendants. As a consequence, because Ms. Cashman cannot proceed on her Section 1983 claims, the Plaintiffs' state law claims cannot be entertained by this Court and their complaint must be dismissed.

### III.

### MS. CASHMAN'S CAUSES OF ACTION FOR VIOLATION OF SECTION 1983 FAIL AS A MATTER OF LAW

A plaintiff cannot assert a cause of action directly under the United States Constitution, but must rely upon Section 1983. *See Graham v. Connor* (1989) 490 U.S. 386 (noting Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal citations omitted).

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

However, Ms. Cashman cannot maintain her Section 1983 claims against either defendant.

**A.   *The District is Immune Under the Eleventh Amendment.***

The Eleventh Amendment provides a complete immunity from lawsuits under Section 1983 for state agencies. California school districts are considered arms of the state for purposes of the Eleventh Amendment, and therefore the District is immune from liability under

Section 1983.

The Eleventh Amendment prohibits federal courts from hearing "any suit in law or equity, commenced or prosecuted against one of the United States . . . ." The prohibition "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of Univ. of Cal. v. Doe* (1997) 519 U.S. 425, 429.

Previously, the Ninth Circuit concluded that a school district is an arm of the state and, thus, enjoyed Eleventh Amendment immunity prohibiting Section 1983 claims. *Belanger v. Madera Unified School District*, (9th Cir. 1992) 963 F.2d 248. In *Belanger*, the Ninth Circuit noted that California school districts were funded primarily by the state. Therefore, a judgment against the school district would be paid using state funds. In addition, public education is a matter of statewide concern in California. *Id.* at 251-253.

Accordingly, based upon the Eleventh Amendment and Ninth Circuit caselaw interpreting same, the District is immune from Ms. Cashman's Section 1983 claims, and her first and second causes of action should be dismissed as against the District without leave to amend.

**B.  *Sufficient Facts Have Not Been Pled As Against Mr. Good or the District.*[1]**

To prevail on a claim under Section 1983, a plaintiff must plead and prove conduct by a "person" acting under "color of state law" deprived the plaintiff of a federal constitutional or legal right, privilege or immunity. *Gibson v. United States* (9th Cir. 1986) 781 F.2d 1334, 1338. The *Gibson* Court held that a plaintiff must "plead that the defendants: (1) acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes" to state a claim under Section 1983. *Id.*

A person acts "under color of state law" for purposes of Section 1983 if he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins* (1988) 487 U.S. 42, 49 (citation omitted). "[G]enerally, a public employee acts under color of state law while acting in

---

[1] The first and second causes of action incorporate by reference paragraphs 1-15 which discuss Mr. Good; however, neither cause of action specifically sets forth any claims against Mr. Good. Nevertheless, out of an abundance of caution, Mr. Good seeks dismissal of such claims against him.

his official capacity or while exercising his responsibilities pursuant to state law." *Johnson v. Knowles,* (9th Cir.1997) 113 F.3d 1114, 1117 (citation omitted).

The *only* allegations against Mr. Good can be summarized as follows:[2]

- Mr. Good "was acting outside the authority provided to him as a District [sic]." [Complaint at ¶4.]
- Ms. Cashman was released to Mr. Good, and Mr. Good "questioned plaintiff without the presence of an adult and sought further incriminating evidence against plaintiff," and "advised plaintiff that all charges and disciplinary action would go away if she and/or her father agreed to pay for the damage to the cart." [Complaint at ¶13.]
- Mr. Good contacted Mr. Cashman and "advised him that his daughter had been arrested . . . [and] that all charges would be dismissed and disciplinary action would stop" if Mr. Cashman agreed to pay for the damage to the cart. [Complaint at ¶14.]

These "facts" cannot form the basis for a civil rights violation and fail as a matter of law.

As for the Plaintiffs' claims against the District, the only cryptic allegation is that the District has a policy of improper investigation and training of its officers and do not require parent notification before questioning a student. [Complaint at ¶¶23-24.] Assuming, *arguendo*, the District is not immune under the Eleventh Amendment, these are not cognizable allegations as against the District.

The gravamen of the Plaintiffs' complaint is that Mr. Good allegedly followed District policy by failing to notify Ms. Cashman's parents before asking her questions about the golf cart incident. The law imposes no such requirement upon Mr. Good or the District.

The United States Supreme Court has never held the "full panoply of constitutional rules applies with the same force and effect in the schoolhouse as it does in the enforcement of criminal laws." *New Jersey v. T.L.O.* (1985) 469 U.S. 325, 350. Teachers and administrators have a substantial interest in maintaining discipline on their campuses. *Id.* at 339. The broad authority of school administrators over student behavior and student safety requires that school officials

---

[2] Mr. Cashman has separately alleged Mr. Good is responsible for "Intention [sic] Infliction of Emotional Distress," a state law claim which is addressed below.

1  have the power to stop a minor student to ask questions or conduct an investigation even in the
2  absence of reasonable suspicion. *In re Rangy G.* (2001) 26 Cal.4th 556, 563-564. In short, there
3  is no requirement of parental notification before a school official questions a student. *Wofford v.*
4  *Evans* (4th Cir. 2004) 390 F.3d 318, 323.

5  The threshold question in a section 1983 cause of action is whether the facts alleged show
6  that a government official acted under color of state law and violated a constitutional right.
7  *Saucier v. Katz* (2001) 533 U.S. 194, 201; see also, *Collins v. Harker Height* (1992) 503 U.S.
8  115, 119 (holding that a violation of federal law is required for a Section 1983 action.) **Without a**
9  **violation of a constitutional right, the Plaintiffs' action must fail as a matter of law.**

10  The first and second causes of action do not set forth viable claims against Mr. Good or
11  the District. First, the Plaintiffs fail to describe with sufficient particularity who Mr. Good is,
12  what his job duties were, or with what authority he purportedly acted. Second, and more
13  importantly, the complaint is silent as to what constitutional right Mr. Good allegedly violated.
14  Without such requisite facts, Ms. Cashman's Section 1983 claims against Mr. Good and the
15  District fail.

16  Simply put, such allegations do not constitute a deprivation of Ms. Cashman's
17  constitutional or legal rights. Further to the point, they do not create a cognizable cause of action
18  against Mr. Good or the District, and her first and second causes of action against him must be
19  dismissed.

## IV.

## WITHOUT FEDERAL QUESTION JURISDICTION AND IN THE ABSENCE OF DIVERSITY, THE PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED

23  The Plaintiffs presumably filed suit in the United States District Court based upon
24  Ms. Cashman's Section 1983 causes of action. As set forth above, however, those allegations
25  must be dismissed based upon the District's Eleventh Amendment immunity and the lack of a
26  cognizable cause of action against Mr. Good or the District. Consequently, this court does not
27  have jurisdiction under 28 U.S.C. sections 1331 or 1343.
28  That leaves the Plaintiffs' state law claims: negligence, false arrest/false imprisonment,

California Civil Code section 52.1 violation, and intentional infliction of emotional distress. Based upon the lack of diversity between the Plaintiffs and the Defendants, these causes of action cannot proceed in federal court and must be dismissed pursuant to F.R.C.P. 12(b)(1).

The United States District Courts have jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. 1332. A determination of whether diversity jurisdiction exists is strictly construed. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1092. Any doubt that diversity jurisdiction exists is resolved *against* a finding of such jurisdiction. *Id.*; *Sheehan v. Gustafson* (8th Cir. 1992) 967 F.2d 1214, 1215.

Ms. Cashman is a resident of California. [Complaint at ¶1.] Similarly, Mr. Cashman is a resident of California. [Complaint at ¶2.] Although not specifically pled, the complaint infers the District is a citizen of California. [Complaint at ¶3 ("District . . . subject to the [California] Government code".)] Further, Mr. Good is a resident of California. [Complaint at ¶4.]

Consequently, diversity jurisdiction does not exist between the Plaintiffs and the Defendants for purposes of the Plaintiffs' state law claims. In accordance, their third through sixth causes of action must be dismissed based upon the lack of diversity.

## V.

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request the Court dismiss the Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), without leave to amend.

DATED: June 18, 2008

HIGGS, FLETCHER & MACK LLP

By: _____
STEVEN J. COLOGNE, ESQ.
MICHAEL R. GIBSON, ESQ.
Attorneys for Defendants
SAN DIEGO UNIFIED
SCHOOL DISTRICT and JAMES GOOD