Case 3:08-cv-00519-BEN-POR    Document 12-3    Filed 07/01/2008    Page 1 of 18

STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendants
SAN DIEGO UNIFIED SCHOOL DISTRICT and
JAMES GOOD

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA CASHMAN BY AND THROUGH HER GUARDIAN AD LITEM, BERNADETTE HILGEMAN; AND STEPHEN CASHMAN, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT; JAMES GOOD, INDIVIDUALLY, and DOES 1 through 20,<br><br>Defendants. | CASE NO. 08 CV 0519-BEN (POR)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1), (6)**<br><br>[F.R.C.P. 12(b)(1),(6)]<br><br>DATE:      August 4, 2008<br>TIME:      10:30 a.m.<br>COURTROOM.: 3<br>JUDGE:     Hon. Roger T. Benitez |

Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT (the "District") and JAMES GOOD ("Mr. Good," and collectively with the District, the "Defendants") hereby request the Court to take judicial notice of the documents identified below and attached hereto, pursuant to Federal Rule of Evidence 201 and *Parrino v. FHP*, 146 F3d 699, 706 (1998):

///

///

///

///

///

859886.2                                                           08 CV 0519 BEN (POR)

1  Exhibit "A"    Plaintiffs KAYLA CASHMAN's and STEPHEN CASHMAN's

2  First Amended Complaint filed on June 12, 2008.

3

4  DATED: June 18, 2008                HIGGS, FLETCHER & MACK LLP

5

6                                       By: _____
7                                       STEVEN J. COLOGNE, ESQ.
                                        MICHAEL R. GIBSON, ESQ.
                                        Attorneys for Defendants
8                                       SAN DIEGO UNIFIED SCHOOL
                                        DISTRICT and JAMES GOOD

EXHIBIT A

Christopher W. Bayuk, Esq. (State bar No. 121751)
BAYUK & ASSOCIATES, Inc.
401 West "A" Street, Suite 1400
San Diego, California 92101
Telephone: (619) 232-7945
Facsimile: (619) 232-7953

Attorneys for Plaintiff, Kayla Cashman, by and through her Guardian Ad Litem, Bernadette Hilgeman; and Stephen Cashman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA CASHMAN, BY AND THROUGH HER GUARDIAN AD LITEM BERNADETTE HILGEMAN; AND STEPHEN CASHMAN<br><br>PLAINTIFF(S),<br><br>V.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT; JAMES GOOD, INDIVIDUALLY; JESUS MONTANA, INDIVIDUALLY, AND DOES 1 THROUGH 20 | Case Number: 08 CV 0519-BEN (POR)<br><br>FIRST AMENDED COMPLAINT FOR PERSONAL INJURY<br><br>1. UNLAWFUL SEARCH AND SEIZURE<br>2. UNLAWFUL POLICIES, CUSTOMS OR HABITS<br>3. NEGLIGENCE<br>4. FALSE ARREST/FALSE IMPRISONMENT<br>5. CIVIL RIGHTS VIOLATION<br>6. INTENTION INFLICTION OF EMOTIONAL DISTRESS |

COMES NOW plaintiffs, Kayla Cashman by and through her Guardian ad Litem Bernadette Hilgeman, and Stephen Cashman, individually and for causes of action against defendants and each of them, complains and alleges as follows:

This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. §1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, for personal

Bayuk & Associates, Inc.

Amended Complaint for Personal Injuries - Cashman

injuries and violation of plaintiff, Kayla Cashman's constitutional rights by defendants, Jesus Montana and James Good and DOES 1-10. Jurisdiction is founded on 28 U.S.C. §§1331, 1343 and the aforementioned statutory and Constitutional provisions. State claims for negligence, Civil Rights violation, false arrest and intentional infliction of emotional distress are alleged as well, and plaintiffs invoke the Court's supplemental jurisdiction to consider these state law claims.

## GENERAL ALLEGATIONS

1. Plaintiff, KAYLA CASHMAN, is a minor and resident of San Diego, California, and the accident complained herein occurred in the County of San Diego. Plaintiff is a minor having been born on July 11, 1991. Plaintiff alleges and affirms that a proper governmental claim was submitted to the San Diego Unified School District for the injuries alleged herein, and such claim was denied, in a letter dated September 24, 2007, and thereafter mailed by the District. Following the Dismissal of all charges in the criminal action, a second claim was submitted to the District and Patrick Henry High School on March 7, 2008, which claim was summarily denied on March 19, 2008. The time for bringing this complaint is within the statutory timelines provided by law.

2. Plaintiff, Stephen Cashman, is a resident of the County of San Diego. Plaintiff alleges and affirms that a proper governmental claim was submitted to the San Diego Unified School District for the injuries alleged herein, and such claim was denied, in a letter dated September 24, 2007, and thereafter mailed by the District. The original complaint brought herein was filed within the requisite statutory period for bringing such claims.

3. Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT (hereinafter "District") at all times relevant to this complaint was and/or is a governmental agency and/or District and which is subject to the Government code. The District owns and operates Patrick Henry High School wherein the acts herein complained occurred on and after March 31, 2007.

4. Defendant JAMES GOOD (hereinafter "Good") at all times relevant to this complaint was and/or is a resident of San Diego, and further, during all relevant times to this

-2-

Bayuk & Associates, Inc.

Amended Complaint for Personal Injuries - Cashman

complaint was acting outside the authority provided to him as a District, and whose actions were so reprehensible as to subject him to independent liability for the acts complained of herein.

5. Defendant, JESUS MONTANA (hereinafter "Montana") at all times relevant to this complaint was and/or is a resident of San Diego, and further, during all relevant times to this complaint was acting within his authority as a campus policeman as a governmental official, and was acting with the color of authority afforded a peace officer and at all time relevant to this amended complaint exercised his authority as a policeman in contravention to the Constitutional rights of plaintiff, Kayla Cashman.

6  Plaintiff is unaware of the true names and capacities of the defendants named as DOES 1 through 50, and therefore sue these defendants as fictitious parties. Plaintiff will, upon learning the true names and capacities of these DOE defendants, seek leave to amend the complaint so that the true names and capacities of these individuals may be added to the complaint. At this time, Plaintiff states on information and belief that each of the fictitiously named defendants was at all pertinent times acting as the agent of the named defendants and one another and are responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby as hereinafter alleged.

### FACTUAL BACKGROUND

7. On or about March 31, 2007, plaintiff was a student at Patrick Henry High School (hereinafter referred to as PHHS) which is part of the San Diego Unified School District. Plaintiff was a member of the Patrick Henry High School track team and was participating in the Elmer Runge Invitational track meet sponsored by PHHS. Prior to the meet, plaintiff and other PHHS track athletes were advised and requested to assist visiting team coaches, with transportation of equipment.

8. According to PHHS custom and practice, students were utilized to operate District owned golf and/or utility carts during the course of the track meet. District employees provided keys and authority to student's to operate the golf carts. On March 31, 2007, two (2) such students were selected, but the responsible teacher/coach never verified California Driver's license status or pre-existing disciplinary actions taken against either student. Neither student

recall being told other kids could not drive the carts. The students with the keys to the carts were not monitored or supervised while the carts were used at the track meet.

8. Prior to 3:00 pm, on March 31, 2007, plaintiff, Kayla Cashman, saw students driving the golf carts and helping put away cones and other materials utilized during the course of the track meet. She subsequently only saw one cart being used, because one had ceased to operate.

9. At approximately, 3:00 pm March 31, 2007, Plaintiff, Kayla Cashman, was asked by one of the students driving the cart, if she wanted to drive, too which she responded yes. While watching an event, one of the visiting track coaches requested assistance with materials he needed taken to his car. Plaintiff agreed to assist, and she along with the other students took the coaches equipment to his car which was parked on an upper level on PHHS property.

10. While returning to the main field level, plaintiff lost control of the cart, and crashed into a cyclone fence causing herself injury, which included a broken ankle requiring internal fixation and multiple surgeries. As of the date of this filing plaintiff, Kayla Cashman, continues to suffer pain and discomfort in her ankle, and continues to have hardware embedded in her ankle. Plaintiff never left school ground with the cart.

11. District personnel were aware of the accident and injuries on March 31, 2007. PHHS students were on Spring Break from April 2nd through and including April 6, 2007. Neither Plaintiff, Kayla Cashman, nor her parents were contacted regarding the cause of the accident during Spring Break.

12. Campus police officer, Defendant Montana, received formal notification of the accident on Sunday, April 2, 2007, via e-mail. On April 9, 2007, the students, including plaintiff returned to School. Plaintiff, Kayla Cashman, was removed from her fifth period class, and escorted by campus security assistant's to Defendant Montana's office. Prior to conducting interrogation, defendant Montana was aware that a criminal offense had been committed, and that Plaintiff was the primary if not only alleged culprit. Officer Montana was unaware of the Constitutional requirement requiring a parent or other adult be present during an interrogation. Officer Montana was unaware of any District policy requiring a parent be present during an

interrogation. Officer Montana conducted the interrogation with only him and plaintiff present in violation of plaintiff's Constitutional rights. After the interrogation, Officer Montana arrested plaintiff for stealing the golf cart and vandalism. Defendant Montana should have known of the Constitutional restrictions relating to the interrogation of minor children. Plaintiff had committed no crime, nor was there probable cause to believe that she had committed a crime. Plaintiff was unlawfully arrested by defendant Montana and charged with several false criminal charges resulting from the above-described incident.

13. Officer Montana subsequently released Plaintiff to defendant good, advising defendant Good of the arrest. Defendant Good thereafter repeatedly questioned plaintiff without the presence of an adult and sought further incriminating evidence against plaintiff. Both defendant Montana and defendant Good, repeatedly advised plaintiff that all charges and disciplinary action would go away if she and/or her father agreed to pay for the damage to the cart. Plaintiff refused.

14. Defendant Good thereafter contacted plaintiff, Stephen Cashman, and advised him that his daughter had been arrested, for felony theft and vandalism arising out of the golf cart incident, and further advised plaintiff Stephen Cashman that all charges would be dismissed and disciplinary action would stop, if Stephen Cashman agreed to pay for damage to the cart.

15. Plaintiffs' refused to pay for the golf cart repairs, and appealed the suspension. Based upon further investigation by the Defendant District, the Amended suspension form was to delete any reference to property theft. Despite these representations by the DISTRICT on March 6, 2008, plaintiff, Kayla Cashman formally appeared for trial on felony counts of theft and malicious vandalism. Despite the self-serving testimony of Officer Montana, the Court, per the Honorable, Judge Cynthia Bashant, granted defendants §1118 motion and dismissed all charges against plaintiff, Kayla Cashman after the prosecution rested its case in chief for lack of evidence.

## I.

## FIRST CAUSE OF ACTION

Bayuk & Associates, Inc.

-5-

Amended Complaint for Personal Injuries - Cashman

[42 U.S.C. §1983 Constitutional Violations—
Unlawful Search and Seizure and Excessive Force]

16. Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15 above as though fully set forth herein.

17. As a result of the acts alleged above, particularly the unlawful detentions, unlawful arrest and unlawful seizures of Plaintiff as described above, Plaintiff was unlawfully seized by Defendant Montana, by virtue of the actions of officer Montana and Good, without a warrant, probable cause or reasonable suspicion, and without conducting a proper investigation. Thus, Plaintiff suffered an unlawful seizure in violation of her constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

18. As a further result of the acts alleged above, defendants, Montana and Good used unreasonable, unjustified threat of excessive force and coercion upon Plaintiff Kayla Cashman. This unreasonable and excessive use of force constituted an unlawful seizure, in violation of Plaintiff's Constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff Kayla Cashman is entitled to damages pursuant to Title 42 U.S.C. § 1983 in an amount to be proven at trial.

19. As a further result of the acts alleged above, particularly the acts of filing false and/or inaccurate police reports which caused Plaintiff Kayla Cashman to be falsely charged with criminal violations, Plaintiff Kayla Cashman suffered an unlawful and/or malicious prosecution in violation of her right against unreasonable seizures as guaranteed by the Fourth Amendment to the U.S. Constitution. As a result, Plaintiff Kayla Cashman is entitled to damages pursuant to Title 42 U.S.C. section 183, et seq. in an amount to be proven in trial.

Bayuk & Associates, Inc.

-6-

Amended Complaint for Personal Injuries - Cashman

20. In committing and witnessing the acts alleged above, defendants, Montana and Good and each of them failed to prevent, stop and/or intervene in these unprovoked and unjustified acts of unlawful detention/arrest, excessive force and/or malicious prosecution against Plaintiff, and failed to protect Plaintiff from these constitutional violations by its employees and/or agents, thereby violating Plaintiffs' Fourth Amendment rights.

21. As a proximate result of the acts alleged above, Plaintiff was injured in mind and body. Plaintiff suffered severe emotional distress from her unlawful seizures and the acts of threats by defendant Montana and Good. Plaintiff suffered additional emotional distress from her wrongful incarceration and her false/malicious prosecution. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § Constitutional Violations via
Unlawful Policies, Customs or Habits]

22. Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15 above as though fully set forth herein.

23. On information and belief Plaintiff Kayla Cashman alleges that defendant Montana individually, and while acting as a member of the District's campus police, utilized Defendant District's unlawful policies, customs and habits of improper and inadequate investigation and hiring, training, retention, discipline and supervision of it's officers, proximately causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. Plaintiff alleges that the policies established by the DISTRICT and which were enforced by Defendant Montana, violate Constitutional rights by failing to require a parent be present during interrogations, and as such the DISTRICT and defendant Montana violated its

Bayuk &
Associates, Inc.

-7-

Amended Complaint for Personal Injuries - Cashman

fiduciary duty to act as *In loco parentis* and violates its obligations to act as *In loco parentis*. Plaintiff is further informed and believe that other citizens have been treated unlawfully and abused by officers, but the District, and Defendant Montana, have a custom, policy or practice of failing to properly protect the rights of minor's by failing to contact a parent prior to interrogations, thus leading to the Constitutional violations against Plaintiffs as described above. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, in an amount to be proven at trial.

24. Further, on information and belief Plaintiff's allege that defendant District, acting by and through the campus police, in this case, defendant Montana has an unlawful policy, custom or habit of permitting or condoning unlawful seizures and detentions, by its campus police force,, and of permitting and condoning unlawful interrogations by its officers, which led to unlawful search and seizure. Defendant District has a further unlawful policy, custom and habit of inadequate training, supervision and discipline of its officers, including defendant Montana, involved in this incident.

25. Specifically, the District and defendant Montana refused and failed to investigate the complaint, of Plaintiffs' herein. Indeed, District and defendant Montana refused to investigate Plaintiffs' complaint based solely upon the police report of the very officer that abused Plaintiff who was the subject of Plaintiffs' complaint and whose version of this incident Plaintiff' vigorously disputed. In short, the District reached a conclusion that the defendant Montana & administration acted properly without an investigation, without interviewing several civilian witnesses and despite the fact that a Superior Court judge dismissed Plaintiff Kayla Cashman's criminal case as a result of her finding that Plaintiffs were unlawfully seized by the defendant Montana, in violation of their Fourth Amendment rights, and finding no credible evidence to support the charges and/or crimes.

26. These policies and failures constituted additional ratification of and acquiescence in acts of, false arrest, unlawful search and seizure and other improprieties by the District and defendant Montana, which thereby encourages officers, such as Montana, to continue to commit additional improprieties, then prepare false and inaccurate reports. These policies and failures were the moving force behind the injuries suffered by Plaintiff, constituted ratification by the District and also constituted deliberate indifference to the rights and safety of Plaintiff, in particular, and other members of the public by defendant Montana.

27. As a proximate result of the unlawful policies, customs and habits alleged above, Plaintiffs suffered the constitutional violations, injuries and damages alleged in the First Cause of Action and thus are entitled to general and compensatory damages against defendant Montana in an amount to be proven at trial.

## STATE LAW CLAIMS

The following claims are brought under California law on behalf of both Plaintiffs.

### THIRD CAUSE OF ACTION

[Negligence]

28. Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above as though fully set forth herein.

29. By the acts alleged above, Defendant District was negligent and breached its duty of due care owed to Plaintiff, Kayla Cashman, thereby causing the injuries and severe emotional distress as described in the Factual Allegations and the First Cause of Action, particularly paragraphs 6 through 20 above. Plaintiffs are therefore entitled to general and compensatory damages in an amount to be proven at trial.

30. Defendant, DISTRICT was further negligent in permitting student's to drive and utilize the golf carts without supervisory control, monitoring and oversight.

31. Defendant District's failure to control and/or monitor and/or supervise the operation of the carts led directly to Plaintiff, Kayla Cashman's operating the cart and suffering of physical injuries by way of the cart running into the fence. Said inaction and failures by the DISTRICT was the proximate cause of plaintiff's injuries arising from the collision with the fence and for which she has suffered injury and incurred expenses, physical deformity, pain and suffering and distress.

32. Further, Plaintiff is entitled to recover for the emotional distress she suffered as a result of the action of the District. Plaintiff is therefore entitled to recover general and compensatory damages for their emotional distress in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

[False Arrest/False Imprisonment]

33. Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above as though fully set forth herein.

34. By the acts alleged herein, particularly the act of unlawfully detaining, falsely arresting and/or falsely imprisoning Plaintiff, Kayla Cashman, without a warrant or probable cause, Plaintiff was falsely arrested and/or falsely imprisoned, entitling her to damages pursuant to California law.

35. As a result of these acts, Plaintiff suffered the injuries and damages described in the Factual Allegations and paragraphs 6 through 30 above and severe pain, suffering and/or emotional distress, and legal fees and costs to defend herself in the criminal proceeding entitling her to damages in an amount to be proven at trial.

36. In committing the acts alleged above, the individually named defendants acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiffs and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

[Civil Code § 52.1 Civil Rights Violation]

37. Plaintiff, Kayla Cashman, by and through her Guardian ad Litem realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

38. The acts alleged above, particularly the acts of unjustified criminal prosecution and unreasonable search and seizure, constituted an unlawful seizure, in violation of Plaintiff, Kayla Cashman's, rights guaranteed by the California Constitution (Article I, Section 13) and the United States Constitution, specifically the Fourth Amendment thereto. These acts were committed by threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code section 52.1(b).

39. As a result of these acts, Plaintiff suffered the injuries and damages described in the Factual Allegations and paragraphs 28 through 33 above and severe pain, suffering and emotional distress, entitling her to damages in an amount to be proven at trial.

40. In committing the acts alleged above, the individually named defendants acted maliciously and/or oppressively and were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in the amount to be proven at trial.

## SIXTH CAUSE OF ACTION

[Intention Infliction of Emotional Distress]

41. Plaintiff, Stephen Cashman, realleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above as though fully set forth herein.

42. In committing the acts hereinbefore described Defendant Good crossed the bounds of human decency by informing plaintiff, Stephen Cashman that his daughter had been arrested and expelled from school, unless and until either plaintiff agreed to pay for the damage caused to the cart which was the result of defendant's own acts and/or omissions. That at the time, Defendant Good made the statements he intended to provoke and did provoke an angry response from plaintiff, and to coerce and/or extort the money Good was demanding for the cart repair.

43. As a result of hearing the statements uttered by defendant Good, plaintiff Stephen Cashman had an immediate and lasting angry emotional response.

44. During all relevant times hereto defendant Good knew or should have known that his statements were likely to cause and did in fact cause an immediate and long lasting emotional response which as substantially caused by the actions of defendant Good.

45. In committing the acts alleged above, the individually named defendant acted maliciously and/or oppressively and was guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff Stephen Cashman and by reason thereof Plaintiffs are entitled to exemplary and punitive damages in the amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against the defendants, and each of them, as follows:

1. For general and compensatory damages against defendants and each of them in the amount to be proven at trial;

2. For exemplary and punitive damages against all defendants except defendant San Diego Unified School District, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorney fees; and

4. For such other relief as the Court deems proper.

BAYUK & ASSOCIATES, Inc.

DATED: June 11, 2008

By: /s/ Christopher W. Bayuk

Christopher W. Bayuk, Attorneys for Kayla Cashman, by and through her Guardian ad Litem, Bernadette Hilgeman and Stephen Cashman, individually.

Jones, Genie W.

From: efile_information@casd.uscourts.gov
Sent: Monday, June 16, 2008 3:12 PM
To: casd.uscourts.gov@casd.uscourts.gov
Subject: Activity in Case 3:08-cv-00519-BEN-POR Cashman et al Amended Complaint

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of California

### Notice of Electronic Filing

The following transaction was entered by Bayuk, Christopher on 06/12/2008 at 10:05:46 AM PDT and filed on 06/12/2008

**Case Name:** Cashman et al
**Case Number:** 3:08-cv-00519-BEN-POR
**Filer:** Bernadette Hilgerman
**Document Number:** 11

**Docket Text:**
AMENDED COMPLAINT against all defendants, filed by Bernadette Hilgerman. (Attachments: # (1) Proof of Service Proof of Service. First amended complaint, # (2) Proof of Service)(Bayuk, Christopher) (Additional attachment(s) added on 6/16/2008: # (3) Main Document) (joeh).

3:08-cv-00519-BEN-POR Notice has been electronically mailed to:

Christopher W Bayuk   cbayuk@bayuklaw.com, heather.m@bayuklaw.com

Michael R Gibson   gibsonm@higgslaw.com, genie@higgslaw.com

3:08-cv-00519-BEN-POR Notice has been delivered by other means to:

The following document(s) are associated with this transaction:

**Document description:**Proof of Service Proof of Service. First amended complaint
**Original filename:**n/a

6/16/2008

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=6/12/2008] [FileNumber=2653448-1
] [57d1fdb8b65c571e71a5d67af6f31aa148f2e7d322b7dcf6654fe52bad60f044e25
a8015a539b8239e7548f13d44a70543e73bfaad0fbd94deb4e8a0af899d6f]]
**Document description:** Proof of Service
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=6/12/2008] [FileNumber=2653448-2
] [6c1a152106dce152604b3b9ade87bee13a12244934e85e01bdcfe326d03fd3050b3
dd30348b355322dd7bf0c37366ce63f53e82422f249d3a11ae7d1eb80b3c8]]
**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=6/16/2008] [FileNumber=2653448-3
] [0e76b93567a14afa92566d7008cdb0fcd6558de7db25bbef69af7764469125a13ae
4279edbfb5aac583de9d5944798288f6b7db292e3328109995d4b59f09a53]]

*This is a re-generated NEF. Created on 6/16/2008 at 3:11 PM PDT*