Christopher W. Bayuk, Esq. (State Bar No. 121751)
BAYUK & ASSOCIATES, Inc.
401 West A Street, Suite 1400
San Diego, California 92101
Telephone: (619) 232-7945
Facsimile: (619) 232-7953

Attorneys for Plaintiff, Kayla Cashman by and throught her Guardian ad Litem, Bernadette Hilgeman, and Stephen Cashman, an individual

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA CASHMAN BY AND THROUGH HER GUARDIAN AD LITEM, BERNADETTE HIGEMAND; AND STEPHEN CASHMAN, AN INDIVIDUAL<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT; JAMES GOOD, JESUS MONTANA, and DOES 1 through 20 Defendants. | Case Number: 08 CV 0519-BEN (POR)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS, SAN DIEGO UNIFIED SCHOOL DISTRICT AND JIM GOOD'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1),(6)<br><br>DATE:        August 25, 2008<br>TIME:        10:30 a.m.<br>COURTROOM:   3<br>JUDGE:       Hon. Roger T. Benitez |

Plaintiffs KAYLA CASHMAN BY AND THROUGH HER GUARDIAN AD LITEM, BERNADETTE HIGEMAND; AND STEPHEN CASHMAN ("Ms. Cashman, Mr. Cashman, Ms. Hilgeman, collectively "Plaintiffs") hereby respectfully submit the following memorandum in support of their opposition of Defendants' SAN DIEGO UNIFIED SCHOOL DISTRICT ("District") and JAMES GOOD ("Good"), motion to dismiss pursuant to Federal Rules of Civil Procedure ("F.R.C.P") 12(b)(1) and (6). The

Plaintiff's Opposition to Defendant's Motion to Dismiss   FRCP 12(b)

motion makes no mention of the third defendant, Officer Montana, and there is no attempt to separate Good's actions from that of Officer Montana. This is not a case about plaintiff being caught and/or searched for minor school infractions. It is a case about the defendant's systematic violation of plaintiff's Constitutional rights during a so-called investigation of an alleged felony wherein it has been acknowledged by the defendants that plaintiff was the only primary suspect. Defendant's trounced on plaintiff's rights; the criminal prosecution was thrown out, and defendants are liable.

## I.    INTRODUCTION

Defendant, District, permitted minor's to utilize golf carts on the March 31, 2007, without supervision. As a result, Ms. Cashman was injured. During the intervening Spring Break, District employee, and police officer, Montana, concluded that Ms. Cashman was the primary suspect in stealing the golf cart and causing its damage. Upon plaintiff's return to school, she was physically removed from her class, and interrogated by Officer Montana. Officer Montana subsequently arrested Ms. Cashman for felony theft and malicious vandalism. Officer Montana thereafter advised Defendant Good, of the arrest and placed Ms. Cashman in Good's custody, who continued to interrogate plaintiff, and then attempted to extort payment for the golf cart repairs initially from the fourteen year old plaintiff and subsequently from plaintiff Stephen Cashman. The extortive requests were refused, and the defendant's pressed forward with the felony prosecution of Ms. Cashman. On March 6, 2008, plaintiff, Kayla Cashman formally appeared for trial on felony counts of theft and malicious vandalism. Despite the self – serving testimony of Officer Montana, the Court, per the Honorable, Judge Cynthia Bashant, granted defendants §1118 motion and dismissed all charges

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

2

against plaintiff, Kayla Cashman after the prosecution rested its case in chief for lack of evidence.

Despite numerous other students being present and participating in the alleged felony, plaintiff was only the student, interrogated, arrested and ultimately prosecuted. The prosecution failed.

There is no Constitutional protection for either Officer Montana or Mr. Good as individuals. Defendant's present motion completely ignores Officer Montana as a defendant, and makes no request on his behalf. The omission is fatal to the motion to dismiss. Due to the interplay and the actions of the defendant's each and all causes of action are connected and warrant be tried at one time, before one court. Because the claims against Officer Montana are not disputed, defendant's motion must be denied as those claims clearly grant this Court jurisdiction. Further, because the court has federal question jurisdiction the fact that there is no diversity is irrelevant. Consequently, this court has                jurisdiction over this dispute, as well as the plaintiffs' state law claims.

II. <u>ACTIVE ALLEGATIONS OF THE FIRST AMENDED COMPLAINT</u>

The relevant paragraphs of the First Amended Complaint are as follows:

> 11.    District personnel were aware of the accident and injuries on March 31, 2007. PHHS students were on Spring Break from April 2nd through and including April 6, 2007. Neither Plaintiff, Kayla Cashman, nor her parents were contacted regarding the cause of the accident during Spring Break.
>
> 12.    Campus police officer, Defendant Montana, received formal notification of the accident on Sunday, April 2, 2007, via e-mail. On April 9, 2007, the students, including plaintiff returned to School. Plaintiff, Kayla Cashman, was removed from her fifth period class, and escorted by campus security assistant's to Defendant Montana's office. Prior to conducting interrogation, defendant Montana was aware that a criminal offense had been committed, and that Plaintiff was the primary if not only alleged culprit. Officer Montana was unaware of the Constitutional requirement requiring a parent or other adult be present during an

Plaintiff's Opposition to Defendant's Motion to Dismiss - FRCP 12(b).

interrogation. Officer Montana was unaware of any District policy requiring a parent be present during an interrogation. Officer Montana conducted the interrogation with only him and plaintiff present in violation of plaintiff's Constitutional rights. After the interrogation, Officer Montana arrested plaintiff for stealing the golf cart and vandalism. Defendant Montana should have known of the Constitutional restrictions relating to the interrogation of minor children. Plaintiff had committed no crime, nor was there probable cause to believe that she had committed a crime. Plaintiff was unlawfully arrested by defendant Montana and charged with several false criminal charges resulting from the above-described incident.

13.     Officer Montana subsequently released Plaintiff to defendant good, advising defendant Good of the arrest. Defendant Good thereafter repeatedly questioned plaintiff without the presence of an adult and sought further incriminating evidence against plaintiff. Both defendant Montana and defendant Good, repeatedly advised plaintiff that all charges and disciplinary action would go away if she and/or her father agreed to pay for the damage to the cart. Plaintiff refused.

14.     Defendant Good thereafter contacted plaintiff, Stephen Cashman, and advised him that his daughter had been arrested, for felony theft and vandalism arising out of the golf cart incident, and further advised plaintiff Stephen Cashman that all charges would be dismissed and disciplinary action would stop, if Stephen Cashman agreed to pay for damage to the cart.

15.     Plaintiffs' refused to pay for the golf cart repairs, and appealed the suspension. Based upon further investigation by the Defendant District, the Amended suspension form was to delete any reference to property theft. Despite these representations by the DISTRICT on March 6, 2008, plaintiff, Kayla Cashman formally appeared for trial on felony counts of theft and malicious vandalism. Despite the self – serving testimony of Officer Montana, the Court, per the Honorable, Judge Cynthia Bashant, granted defendants §1118 motion and dismissed all charges against plaintiff, Kayla Cashman after the prosecution rested its case in chief for lack of evidence.

Admittedly, paragraph 4 of the complaint could be amended, as the conduct of Defendant Gold in continuing to interrogate and confine Ms. Cashman was done under his color of authority as a vice-president of the school. His actions became untenable, and outside the authority of his functions, when he contacted Plaintiff, Stephen Cashman and told Mr. Cashman that his daughter had been arrested, but it would all go

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

away, if the damage to the cart was paid for by the plaintiffs'. The distinction between defendant Good's actions are clearly discernable from paragraphs 13, 17-20, which relates to his interaction with Ms. Cashman, and his action directed against Mr. Cashman as specified in paragraph 42 of the first amended complaint.

As alleged in both the First & Second Cause of Action – Kayla Cashman was denied her Fourth Amendment rights and suffered an unlawful seizure, detention, interrogation, arrest and prosecution. (See paragraphs 17-20; 23-26).

Further, contrary to defendant's assertions, the gravamen's of plaintiff's recovery for violation of 42 U.S.C. §1983 violations are limited to defendants Montana & Good. Although the District is identified in the causes of action the first amended complaint very clearly limits the recovery to the individual defendant's – Good/Montana (first cause of action) and Montana (second cause of action) (See paragraphs 21 & 27).

### III   AUTHORITY FOR OPPOSITION

When faced with an F.R.C.P. 12(b)(6) Motion, the Court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v. Gibson,* (1957) 355 US 41, 45-46. Dismissal for failure to state a claim under F.R.C.P. 12(b)(6) is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

As outlined herein, Ms. Cashman's first and second causes of action for 42 U.S.C. § 1983 violations contain both a cognizable legal theory and sufficient facts for violations and deprivations of plaintiff's Fourth Amendment rights.

Furthermore, an F.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made upon the grounds that the complaint fails to allege a basis for federal subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003)

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

5

328 F.3d 1113, 1139. Here, such is not the case. The claim for Fourth Amendment violations is properly before the Court, and as such the arguments that there is a lack of subject matter and diversity jurisdiction is meritless.

Whetehr Diversity exists between the Plaintiffs and Defendants is irrelevant because the Defendants' violation of section 1983 raise a federal question, over which the court has original jurisdiction.

III. <u>MS. CASHMAN'S CAUSES OF ACTION DO NOT FAIL AS A MATTER OF LAW</u>

A Plaintiff cannot assert a cause of action directly under the United States Constitution, but must rely upon 42 U.S.C. §1983. *Gram v. Connor,* (1989) 490 U.S. 386

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Ms Cashman can maintain her Section 1983 claims against defendants Good and Montana, as the complaint very clearly alleges violation of her Fourth Amendment rights

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

6

### A. *Courts of Limited Jurisdiction*

Federal Courts are courts of "limited jurisdiction"; the court has original jurisdiction over all actions arising under the Constitution, laws, or treaties of the United States. *28 USC 1331*. Because the violations of Good and Montana were violations of 42 U.S.C. 1983, they fall under the constitution and the federal court has jurisdiction over the matter.

In cases of original jurisdiction, the court has supplemental jurisdiction over all other non-federal claims that are so related to the original claims that they form part of the same case or controversy. *28 U.S.C. 1367*. Thus, because the court has original jurisdiction over Ms. Cashman's federal claims it also has jurisdiction over the related state tort claims. Furthermore, because the court has original "federal question" jurisdiction over the 42 U.S.C. §1983 claim, the fact that the parties are not diverse is irrelevant and the court has jurisdiction over the entire matter.

### B. *Eleventh amendment immunity*

Generally, the Eleventh Amendment provides a complete immunity, for state agencies, under Section 1983 of the constitution. Historically, California school districts have been considered arms of the state for Eleventh amendment purposes and thus, the District may be immune from section 1983 liability, but recovery from the District is not sought in either the first or second cause of action. This immunity protection covers neither Officer Montana nor Mr. Good when sued in an individual capacity, and suit is permissible against them directly.

Public officials sued in their individual capacities are entitled to qualified immunity when their actions do not violate "clearly established statutory or constitutional rights." *Tapley v. Collins 211 F.3d 1210, 1214*. Here, the actions of Montana and Good

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

violated Ms. Cashman's Fourth Amendment Constitutional Rights when she was subjected to the unlawful detention, unlawful interrogation, unlawful arrest, the unlawful seizure, and the use of excessive coercion and/or force by the individual defendants.

The Fourth Amendment's prohibition on unreasonable searches and seizures applies to searches conducted by public school officials, and is not limited to searches carried out by law enforcement officers. Nor are school officials exempt from the Amendment's dictates by virtue of the special nature of their authority over schoolchildren. In carrying out searches and other functions pursuant to disciplinary policies mandated by state statutes, school officials act as representatives of the State, not merely as surrogates for the parents of students, and they cannot claim the parents' immunity from the Fourth Amendment's strictures. [*New Jersey v. T.L.O.* (1985) 469 U.S. 325, 333-337.] The cases cited by defendant all relate to a school's (district's) ability to conduct a search of a student on school grounds. The cases do not discuss the systematic disregard for a student's Fourth Amendment rights and Constitutional protections from unlawful seizures, unlawful interrogation and detention; unlawful arrest nor meritless prosecution. Plaintiff's claims arise because the trial court found absolutely no basis for the prosecution of plaintiff.

### C.  *Sufficient Facts Pled*

For a 42 U.S.C. §1983 claim, it must be shown that the defendant, while acting under "color of state law," deprived the plaintiff of rights secured by the Constitution or federal statutes. *Gibson v. United States* (9th Cir. 1986) 781 F.2d 1334, 1338.

For purposes of Section 1983, A person acts "under color of state law" if he or she "exercise[s] power possessed by virtue of state law and made possible only

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

because the wrongdoer is clothed with the authority of state law." *West v. Atkins* (1988) 487 U.S. 42, 49.

Here, Montana was acting in his official capacity as a campus police officer when he violated the rights of Ms. Cashman. Mr. Good as vice-principal of the school was exercising the power given to him by the state, when he detained and interrogated Ms. Cashman. His actions would not have been possible had he not been "clothed with the authority of state law." [1]

All allegations against defendant Good were not only in the few paragraphs referenced by the defendant, but the allegations referenced previously – which include, but not limited to, unlawful seizure, use of excessive force (coercion), unlawful detention, and severe emotional distress; all of which were can be directly attributed to defendant Good. Thus, the facts plead are sufficient and form the basis for Ms. Cashman's civil rights violation.

The Supreme Court has held that neither students nor teachers shed their constitutional rights at the school house gate. *Tinker v. Des Moines Independent School District,* 393 U.S. 503, 506. [Children were punished for exercising their 1st amendment rights] The court determined that: "The Fourteenth Amendment…Protects the citizen against the state itself and all of its creatures-Boards of Education not excepted. These have…important, delicate, and highly discretionary functions, **but none that they may not perform within the limits of the Bill of Rights.** *West Virginia State Board of Education v. Barnette*, 319 U.S. at 637. [Emphasis added]

---

[1] As noted previously, defendant Good's actions were both within his authority of a Vice Principal and outside when he tried to extort payment from the plaintiff's.

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

Therefore, even-though Ms. Cashman was within the "jurisdiction" of the school district, she still had constitutional rights, which were violated by the conduct of Montana and Good; and the defendants should be held liable.

### D.   Conclusion

Plaintiff was not searched for some petty school violation, she was taken from class, interrogated and arrested all in violation of her Fourth Amendment Rights – Rights which the District, Good and Montana seem perfectly willing to trample.   For the foregoing reasons, the Plaintiffs respectfully request that the Court deny in total the Defendants District's and Good's FRCP 12(b)(1) and (6) motions to dismiss.

Respectfully submitted:

BAYUK & ASSOCIATES, INC.

Date: August 11, 2008

By: _____
Christopher W. Bayuk, Attorneys Plaintiffs, Kayla Cashman by and through her Guardian ad Litem, Bernadette Hilgeman, and Stephen Cashman, individually

Plaintiff's Opposition to Defendant's Motion to Dismiss – FRCP 12(b).

10