STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendants
SAN DIEGO UNIFIED SCHOOL DISTRICT and
JAMES GOOD

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA CASHMAN BY AND THROUGH HER GUARDIAN AD LITEM, BERNADETTE HILGEMAN; AND STEPHEN CASHMAN, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT; JAMES GOOD, INDIVIDUALLY; JESUS MONTANA, INDIVIDUALLY; and DOES 1 through 20, INDIVIDUALLY;<br><br>Defendants. | CASE NO. 08 CV 0519-BEN (POR)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1), (6)**<br><br>[F.R.C.P. 12(b)(1),(6)]<br><br>DATE: August 25, 2008<br>TIME: 10:30 a.m.<br>COURTROOM.: 3<br>JUDGE: Hon. Roger T. Benitez |

1  Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT (the "District") and
2  JAMES GOOD ("Mr. Good," and collectively with the District, the "Defendants") hereby
3  respectfully submit the following reply memorandum in support of their motion to dismiss
4  Plaintiffs KAYLA CASHMAN's ("Ms. Cashman") and STEPHEN CASHMAN's
5  ("Mr. Cashman," and collectively with Ms. Cashman, the "Plaintiffs") first amended complaint
6  pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and (6).

## I.

## INTRODUCTION

As of the filing of the Defendants' motion to dismiss, Officer Jesus Montana had not been served with the Plaintiffs' complaint. Accordingly, the Defendants' failure to include Officer Montana in their motion to dismiss does nothing to defeat their motion or impart jurisdiction of the Plaintiffs' claims upon this Court. Moreover, despite the Plaintiffs' efforts to spin their bold and conclusory allegations that constitutional rights were violated to support a finding of jurisdiction before this Court, the Defendants are immune from alleged violations of 42 U.S.C. section 1983 ("Section 1983"). Moreover, sufficient facts in support of Ms. Cashman's Section 1983 claims have not been pled. This leaves only the Plaintiffs' state law claims (over which this Court has no jurisdiction). In accordance, this Court does not have subject matter jurisdiction over this dispute, and the entire complaint must be dismissed without leave to amend.

## II.

## OFFICER MONTANA HAS NOT BEEN SERVED WITH THE PLAINTIFFS' COMPLAINT

According to the Court's Docket and filings by the Plaintiffs, Officer Montana had not been served with the Plaintiffs' complaint as of the date the Defendants' motion to dismiss was filed. [Exhibit "B."] As a consequence, there is no obligation on the Defendants' part to litigate this dispute on his behalf, nor does the exclusion of Officer Montana from the motion support a ruling in the Plaintiffs' favor. Accordingly, contentions that the Defendants' motion to dismiss must be denied based upon the failure to include Officer Montana in the motion are flat wrong.

## III.

## THE DISTRICT MUST BE DISMISSED FROM THIS CASE IMMEDIATELY

As noted in the Defendants' moving papers, and acknowledged by the Plaintiffs' opposition, the District is immune from Ms. Cashman's Section 1983 claims and recovery is not sought from it under the Section 1983 claims. [Opposition at p. 7, ll. 17-22.] Accordingly, at a minimum, the District should be summarily dismissed from the first and second causes of action.

Moreover, in the absence of federal question jurisdiction over the District, the District must be dismissed from the entire complaint based upon a lack of diversity between it and the Plaintiffs. [Complaint at ¶4—The District is subject to the California Government Code.] Where federal law claims are eliminated, the Court should decline to exercise jurisdiction over the remaining state law claims. *Acri v. Varian Associates, Inc.* (9th Cir. 1997) 114 F.3d 999, 1001. The Plaintiffs cannot cite any authority to the contrary. Accordingly, the District is entitled to be dismissed from this case outright.

## IV.

## MS. CASHMAN'S SECTION 1983 CLAIMS AGAINST MR. GOOD FAIL

Turning to Mr. Good, even if Ms. Cashman's allegations are accepted as true (which the Defendants strenuously dispute), the facts pled do not pierce Mr. Good's immunity nor are they sufficient to sustain a cause of action under Section 1983.

**A.** *Mr. Good is Immune.*

Ms. Cashman's claims against Mr. Good fail as a matter of law pursuant to Government Code section 820.2.

Government Code section 820.2 states:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Government Code section 820.2 restates pre-existing California law and codifies it "to ensure that, unless otherwise provided by statute, public employees will continue to remain

immune from liability for their discretionary acts within the scope of their employment." Legislative Committee Comment to Government Code section 820.2. As the California Supreme Court explained in *Caldwell v. Montoya* (1995) 10 Cal.4th 972:

> The common law of California long provided that a governmental official has personal immunity from lawsuits challenging his or her discretionary acts within the scope of authority. [Citations.] This common law immunity was said to extend to all executive public officers when performing within the scope of their power acts which require the exercise of discretion or judgment. [Citations.] This immunity was absolute, and it protected an official notwithstanding malice or other sinister motive.

*Id.* at 979 (internal citations and quotations omitted).

Government Code section 820.2 renders Mr. Good immune in this case. Mr. Good is a public employee. [Complaint at ¶4.] Gov. Code section 811.2; Gov. Code section 811.4. Due to his status as a public employee, he is immune from liability for injury "resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Gov. Code section 820.2.

**B.     Allegations Against Mr. Good Do Not Support A Section 1983 Claim.**

The complaint alleges only discretionary conduct. School officials are entrusted with the authority and discretion to make assessments by balancing the risks and advantages of each course of conduct. *See, Nicole M. v. Martinez Unified Sch. Dist.*, (N.D. Cal. 1997) 964 F.Supp. 1369, 1389 (superseded by statute). These assessments require evaluations, choices and judgment calls that are inherent in the exercise of discretion. Such assessments, evaluations, choices and judgment calls are shielded from liability by the discretionary immunity clause under Government Code section 820.2.

School officials must make discretionary decisions continuously throughout the course of the school day. Discretionary immunity protects such decisions. As pled in the Plaintiffs' complaint, Mr. Good allegedly questioned Ms. Cashman after it was learned she allegedly stole and damaged District property. Even though Mr. Good does not require reasonable suspicion to question Ms. Cashman[1], such facts clearly provide the requisite probable cause to question her.

---

[1] The broad authority of school administrators over student behavior and student safety requires that school officials have the power to stop a minor student to ask questions or conduct an investigation even in the absence of reasonable

Such action is within Mr. Good's discretion.

Education Code section 48900 outlines several actions which may subject a student to discipline, including:

(f)   Caused or attempted to cause damage to school property or private property;

(g)   Stolen or attempted to steal school property or private property; . . .

Educ. Code §48900(f), (g).

Moreover, the parent or guardian of a minor who damages school property is liable for all damages caused by the student, up to $10,000. Educ. Code §48904(a).

As set forth in the complaint, Ms. Cashman allegedly committed a criminal offense by improperly taking, driving and crashing a golf cart owned by the District. [Complaint at ¶¶9-15.] In other words, she allegedly attempted to steal school property, and in the process caused damage to it. Not only doe such actions subject Ms. Cashman to discipline, at a minimum they permit the District and its employees to question her about the events.

In response to Ms. Cashman's reckless behavior, Mr. Good purportedly questioned Ms. Cashman (but did not search or seize her) and asked her father to pay for the damage caused to the golf cart since he is liable for the damage under Education Code section 48904(a). [Complaint at ¶¶13-14.] These actions are protected and, in fact, authorized by California law. Further, there is no allegation that Mr. Good illegally obtained evidence or other information as a result of the allegedly unlawful "search and seizure." While Ms. Cashman acknowledges the District's and Mr. Good's authority to question students at school,[2] she fails to plead how Mr. Good's alleged questioning disregarded her Fourth Amendment protections. Where was the threat of force? [Complaint at ¶18.] Who filed a false report? [Complaint at ¶19.] Rather than answer these questions with facts, she simply concludes (incorrectly) that her protections were violated.

Further, she is wrong in contending the Defendants arrested or prosecuted her; such roles

---

suspicion. *In re Randy G.* (2001) 26 Cal.4th 556, 563-564.
[2] Opposition at p. 8, ll. 14-15; p. 9, fn. 1 ("Good's actions were . . . within his authority of a Vice Principal").

are served by police officers and prosecutors, not the Defendants. [Opposition at p. 8, ll. 2-3.] Simply put, Ms. Cashman has not pled sufficient facts supporting a deprivation of a federal constitutional or legal right, privilege or immunity, a prerequisite to maintaining a Section 1983 claim. *Gibson v. United States* (9th Cir. 1986) 781 F.2d 1334, 1338.

Thus, for two reasons, the first and second causes of action against Mr. Good should be dismissed: 1) Mr. Good is cloaked in immunity; and 2) Ms. Cashman has failed to sufficiently allege the constitutional right Mr. Good purportedly violated.[3]

## V.

### THE PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED

As outlined above and in the Defendants' moving papers, Ms. Cashman's Section 1983 causes of action must be dismissed, leaving this Court without federal question jurisdiction over the Defendants. Without such jurisdiction, the Plaintiffs' state law claims (negligence, false arrest/false imprisonment, California Civil Code section 52.1 violation, and intentional infliction of emotional distress) must similarly be dismissed based upon the lack of diversity between the parties. *Acri v. Varian Associates, Inc.* (9th Cir. 1997) 114 F.3d 999, 1001.

## VI.

### CONCLUSION

For the foregoing reasons, the Defendants respectfully request the Court dismiss the Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), without leave to amend.

DATED: August 14, 2008

HIGGS, FLETCHER & MACK LLP

By: _____
STEVEN J. COLOGNE, ESQ.
MICHAEL R. GIBSON, ESQ.
Attorneys for Defendants
SAN DIEGO UNIFIED
SCHOOL DISTRICT and JAMES GOOD

---

[3] At the very minimum, Mr. Good should be dismissed from the second cause of action as that claim is only directed toward Officer Montana. [Opposition at p. 5, ll. 11-14.]