STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendants
SAN DIEGO UNIFIED SCHOOL DISTRICT,
JAMES GOOD and JESUS MONTANA

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA CASHMAN BY AND THROUGH HER GUARDIAN AD LITEM, BERNADETTE HILGEMAN; AND STEPHEN CASHMAN, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT; JAMES GOOD, INDIVIDUALLY; JESUS MONTANA, INDIVIDUALLY, and DOES 1 through 20,<br><br>Defendants. | CASE NO. 08 CV 0519-BEN (POR)<br><br>**DEFENDANT JESUS MONTANA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1), (6)**<br><br>[F.R.C.P. 12(b)(1),(6)]<br><br>DATE: October 20, 2008<br>TIME: 10:30 a.m.<br>COURTROOM.: 3<br>JUDGE: Hon. Roger T. Benitez |

**TABLE OF CONTENTS**

|   | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | AUTHORITY FOR DISMISSAL | 1 |
| III. | MS. CASHMAN'S CAUSES OF ACTION FOR VIOLATION OF SECTION 1983 FAIL AS A MATTER OF LAW | 2 |
|  | A. Sufficient Facts Have Not Been Pled As Against Officer Montana. | 2 |
|  | B. Officer Montana's Actions, If True, Do Not Support The Plaintiff's Claims. | 4 |
|  | C. Officer Montana Is Immune. | 5 |
|  | D. Officer Montana's Discretionary Conduct Does Not Support A Section 1983 Claim. | 5 |
| IV. | WITHOUT FEDERAL QUESTION JURISDICTION AND IN THE ABSENCE OF DIVERSITY, THE PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED | 7 |
| V. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page

**State Cases**

Caldwell v. Montoya
(1995) 10 Cal.4th 972 .................................................................................................... 5

Giannis v. City & County of San Francisco
(1978) 78 Cal.App.3d 219 ............................................................................................. 4

In re Randy G.
(2001) 26 Cal.4th 556 ................................................................................................ 3, 6

**Federal Cases**

Balistreri v. Pacifica Police Dept.
(1990) 901 F.2d 696 ...................................................................................................... 1

Collins v. Harker Height
(1992) 503 U.S. 115 ...................................................................................................... 4

Conley v. Gibson
(1957) 355 U.S. 41 ........................................................................................................ 1

Gibson v. United States
(9th Cir. 1986) 781 F.2d 1334 ............................................................................... 2, 3, 7

Graehling v. Village of Lombard, III
(1995) 58 F.3d 295 ........................................................................................................ 1

Graham v. Connor
(1989) 490 U.S. 386 ...................................................................................................... 2

Johnson v. Knowles
(9th Cir.1997) 113 F.3d 1114 ........................................................................................ 3

Kantor v. Wellesley Galleries, Ltd.
(9th Cir. 1983) 704 F.2d 1088 ....................................................................................... 7

New Jersey v. T.L.O.
(1985) 469 U.S. 325 ...................................................................................................... 3

Nicole M. v. Martinez Unified Sch. Dist.,
(N.D. Cal. 1997) 964 F.Supp. 1369 .............................................................................. 5

Saucier v. Katz
(2001) 533 U.S. 194 ...................................................................................................... 4

Sheehan v. Gustafson
(8th Cir. 1992) 967 F.2d 1214 ....................................................................................... 7

# TABLE OF AUTHORITIES
## (continued)

Page

*Warren v. Fox Family Worldwide, Inc.*
(9th Cir. 2003) 328 F.3d 113..................................................................................... 2

*West v. Atkins*
(1988) 487 U.S. 42.................................................................................................... 3

*Wofford v. Evans*
(4th Cir. 2004) 390 F.3d 318.................................................................................... 4

**State Statutes**

Civil Code section 52.1............................................................................................ 7

Education Code section 48900................................................................................ 6

Education Code section 48904................................................................................ 6

**Federal Statutes**

28 U.S.C. section 1331............................................................................................. 7

28 U.S.C. section 1332............................................................................................. 7

28 U.S.C. section 1343............................................................................................. 7

42 U.S.C. section 1983................................................................................... 1, 2, 3, 4, 7

Government Code section 811.2............................................................................. 5

Government Code section 811.4............................................................................. 5

Government Code section 820.2.......................................................................... 5, 6

Penal Code section 836............................................................................................ 4

**Rules**

Federal Rules of Civil Procedure 12............................................................... 1, 2, 7, 8

Defendant JESUS MONTANA ("Officer Montana" or the "Defendant") hereby respectfully submits the following memorandum in support of his motion to dismiss Plaintiffs KAYLA CASHMAN's ("Ms. Cashman") and STEPHEN CASHMAN's ("Mr. Cashman," and collectively with Ms. Cashman, the "Plaintiffs") first amended complaint pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and (6).

## I.
## INTRODUCTION

Ms. Cashman alleges she was mistreated by Officer Montana after she wrongly took, drove and crashed a San Diego Unified School District golf cart and allegedly sustained injuries. In addition to various California state law claims sounding primarily in tort, Ms. Cashman has alleged violations of 42 U.S.C. section 1983 ("Section 1983"). Mr. Cashman, on the other hand, has not alleged any causes of action against Officer Montana. All parties are citizens of California.

As set forth herein, Ms. Cashman has not set forth a cognizable legal theory as against Officer Montana, necessitating dismissal of Ms. Cashman's first and second causes of action. Accordingly, following dismissal of Ms. Cashman's Section 1983 claims, there is no federal question jurisdiction.

Further, on the face of the Plaintiffs' complaint, diversity jurisdiction does not exist to support their state law claims. Consequently, this Court does not have subject matter jurisdiction over this dispute, and the entire complaint must be dismissed.

## II.
## AUTHORITY FOR DISMISSAL

When faced with a F.R.C.P. 12(b)(6) Motion, the Court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46. Dismissal for failure to state a claim under F.R.C.P. 12(b)(6) is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." See, *Balistreri v. Pacifica Police Dept.* (1990) 901 F.2d 696, 699; *Graehling v. Village of Lombard, Ill* (1995) 58 F.3d 295, 297.

As outlined herein, Ms. Cashman's first and second causes of action for alleged violations of Section 1983 lack both a cognizable legal theory and sufficient facts.

Further, an F.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made upon the grounds that the complaint fails to allege a basis for federal subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F.3d 113, 1139.

Diversity does not exist between the Plaintiffs and the Defendants. As a consequence, because Ms. Cashman cannot proceed on her Section 1983 claims against Officer Montana, her state law claims cannot be entertained by this Court and the complaint must be dismissed.

### III.

### MS. CASHMAN'S CAUSES OF ACTION FOR VIOLATION OF SECTION 1983 FAIL AS A MATTER OF LAW

A plaintiff cannot assert a cause of action directly under the United States Constitution, but must rely upon Section 1983. *See Graham v. Connor* (1989) 490 U.S. 386 (noting Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal citations omitted).

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

However, Ms. Cashman cannot maintain her Section 1983 claims against Officer Montana.

**A.   *Sufficient Facts Have Not Been Pled As Against Officer Montana.***

To prevail on a claim under Section 1983, a plaintiff must plead and prove conduct by a "person" acting under "color of state law" deprived the plaintiff of a federal constitutional or legal right, privilege or immunity. *Gibson v. United States* (9th Cir. 1986) 781 F.2d 1334, 1338. The *Gibson* Court held that a plaintiff must "plead that the defendants: (1) acted under color of state

///

1  law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes" to state a
2  claim under Section 1983. *Id.*
3  A person acts "under color of state law" for purposes of Section 1983 if he or she
4  "exercise[s] power 'possessed by virtue of state law and made possible only because the
5  wrongdoer is clothed with the authority of state law.'" *West v. Atkins* (1988) 487 U.S. 42, 49
6  (citation omitted). "[G]enerally, a public employee acts under color of state law while acting in
7  his official capacity or while exercising his responsibilities pursuant to state law." *Johnson v.*
8  *Knowles* (9th Cir.1997) 113 F.3d 1114, 1117 (citation omitted).
9  The *only* allegations against Officer Montana can be summarized as follows:
10  • Based upon probable cause that a crime had been committed by the Plaintiff, Officer
11  Montana questioned Ms. Cashman about the golf cart incident without her parents
12  present. [Complaint at ¶12.]
13  • Officer Montana "advised plaintiff that all charges and disciplinary action would go
14  away if she and/or her father agreed to pay for the damage to the cart." [Complaint
15  at ¶13.]
16  These "facts" cannot form the basis for a civil rights violation and fail as a matter of law.
17  The gravamen of the Plaintiffs' complaint is that Officer Montana, a District police
18  officer,[1] allegedly followed District policy by failing to notify Ms. Cashman's parents before
19  asking her questions about the golf cart incident. The law imposes no such requirement upon
20  Officer Montana or the District.
21  The United States Supreme Court has never held the "full panoply of constitutional rules
22  applies with the same force and effect in the schoolhouse as it does in the enforcement of criminal
23  laws." *New Jersey v. T.L.O.* (1985) 469 U.S. 325, 350. Teachers and administrators have a
24  substantial interest in maintaining discipline on their campuses. *Id.* at 339. The broad authority
25  of school administrators over student behavior and student safety requires that school officials
26  have the power to stop a minor student to ask questions or conduct an investigation even in the
27  absence of reasonable suspicion. *In re Randy G.* (2001) 26 Cal.4th 556, 563-564. **In short, there**

---

[1] Complaint at ¶5.

1  <u>**is no requirement of parental notification before a school official questions a student**</u>.

2  *Wofford v. Evans* (4th Cir. 2004) 390 F.3d 318, 323 (emphasis added).

3      The threshold question in a section 1983 cause of action is whether the facts alleged show that a government official acted under color of state law and violated a constitutional right. *Saucier v. Katz* (2001) 533 U.S. 194, 201; see also, *Collins v. Harker Height* (1992) 503 U.S. 115, 119 (holding that a violation of federal law is required for a Section 1983 action.) ***Without a violation of a constitutional right, the Plaintiffs' action must fail as a matter of law.***

    The first and second causes of action do not set forth viable claims against Officer Montana. In particular, the complaint is silent as to what constitutional right Officer Montana allegedly violated. Without such requisite facts, Ms. Cashman's Section 1983 claims against Officer Montana fail.

**B.  *Officer Montana's Actions, If True, Do Not Support The Plaintiff's Claims.***

California Penal Code section 836 provides, in part:

> (a) A peace officer may arrest a person . . . without a warrant . . . whenever any of the following circumstances occur:
>
> (1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence.
>
> (2) The person arrested has committed a felony, although not in the officer's presence.
>
> (3) **The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed.** . . . [Emphasis added.]

    According to Ms. Cashman, Officer Montana "was aware that a criminal offense had been committed, and that [Ms. Cashman] was the primary if not only alleged culprit." [Complaint at p. 4, ll. 24-26.] Consequently, Officer Montana had probable cause to question and arrest Ms. Cashman.

    If an officer meets the requirements of Penal Code section 836, there is no liability for his or her actions. *Giannis v. City & County of San Francisco* (1978) 78 Cal.App.3d 219, 224-225. Here, as pled by Ms. Cashman herself, Officer Montana had probable cause to question and arrest the Plaintiff. Compliance with the law does not trigger Section 1983 claims.

**C.   Officer Montana Is Immune.**

Ms. Cashman's claims against Officer Montana fail as a matter of law pursuant to Government Code section 820.2.

Government Code section 820.2 states:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Government Code section 820.2 restates pre-existing California law and codifies it "to ensure that, unless otherwise provided by statute, public employees will continue to remain immune from liability for their discretionary acts within the scope of their employment." Legislative Committee Comment to Government Code section 820.2. As the California Supreme Court explained in *Caldwell v. Montoya* (1995) 10 Cal.4th 972:

> The common law of California long provided that a governmental official has personal immunity from lawsuits challenging his or her discretionary acts within the scope of authority. [Citations.] This common law immunity was said to extend to all executive public officers when performing within the scope of their power acts which require the exercise of discretion or judgment. [Citations.] This immunity was absolute, and it protected an official notwithstanding malice or other sinister motive.

*Id.* at 979 (internal citations and quotations omitted).

Government Code section 820.2 renders Officer Montana immune in this case. Officer Montana is a public employee. [Complaint at ¶5.] Gov. Code section 811.2; Gov. Code section 811.4. Due to his status as a public employee, he is immune from liability for injury "resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Gov. Code section 820.2.

**D.   *Officer Montana's Discretionary Conduct Does Not Support A Section 1983 Claim.***

The complaint alleges only discretionary conduct. School officials are entrusted with the authority and discretion to make assessments by balancing the risks and advantages of each course of conduct. *See, Nicole M. v. Martinez Unified Sch. Dist.*, (N.D. Cal. 1997) 964 F.Supp. 1369, 1389 (superseded by statute). These assessments require evaluations, choices and judgment calls that are inherent in the exercise of discretion. Such assessments, evaluations, choices and

judgment calls are shielded from liability by the discretionary immunity clause under Government Code section 820.2.

School officials must make discretionary decisions continuously throughout the course of the school day. Discretionary immunity protects such decisions. As pled in the Plaintiffs' complaint, Officer Montana allegedly questioned Ms. Cashman after it was learned she had stolen and damaged District property. Even though Officer Montana does not require reasonable suspicion to question Ms. Cashman,[2] such facts clearly provide the requisite probable cause to question her. Such action is within Officer Montana's discretion.

Education Code section 48900 outlines several actions which may subject a student to discipline, including:

(f) Caused or attempted to cause damage to school property or private property;

(g) Stolen or attempted to steal school property or private property; . . .

Educ. Code § 48900(f), (g).

Moreover, the parent or guardian of a minor who damages school property is liable for all damages caused by the student, up to $10,000. Educ. Code § 48904(a).

As set forth in the complaint, Ms. Cashman allegedly committed a criminal offense by improperly taking, driving and crashing a golf cart owned by the District. [Complaint at ¶¶9-15.] In other words, she allegedly attempted to steal school property, and in the process caused damage to it. Not only do such actions subject Ms. Cashman to discipline, at a minimum they permit the District and its employees to question her about the events.

In response to Ms. Cashman's reckless behavior, Officer Montana purportedly questioned Ms. Cashman and asked her father to pay for the damage caused to the golf cart since he is liable for the damage under Education Code section 48904(a). [Complaint at ¶¶13-14.] These actions are protected and, in fact, authorized by California law. Further, there is no allegation that Officer Montana illegally obtained evidence or other information as a result of the allegedly

---

[2] The broad authority of school administrators over student behavior and student safety requires that school officials have the power to stop a minor student to ask questions or conduct an investigation even in the absence of reasonable suspicion. *In re Randy G.* (2001) 26 Cal.4th 556, 563-564.

873221.1                                6                          Case No. 08 CV 0519 BEN (POR)

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

unlawful "search and seizure." Ms. Cashman fails to plead how Officer Montana's alleged questioning disregarded her Fourth Amendment protections. Where was the threat of force? [Complaint at ¶18.] Who filed a false report? [Complaint at ¶19.] Rather than answer these questions with facts, she simply concludes (incorrectly) that her protections were violated.

Simply put, Ms. Cashman has not pled sufficient facts supporting a deprivation of a federal constitutional or legal right, privilege or immunity, a prerequisite to maintaining a Section 1983 claim. *Gibson v. United States* (9th Cir. 1986) 781 F.2d 1334, 1338. Thus, for two reasons, the first and second causes of action against Officer Montana should be dismissed: 1) Officer Montana is cloaked in immunity; and 2) Ms. Cashman has failed to sufficiently allege the constitutional right Officer Montana purportedly violated.

IV.

## WITHOUT FEDERAL QUESTION JURISDICTION AND IN THE ABSENCE OF DIVERSITY, THE PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED

The Plaintiffs presumably filed suit in the United States District Court based upon Ms. Cashman's Section 1983 causes of action. As set forth above, however, those allegations must be dismissed based upon Officer Montana's immunity and the lack of a cognizable cause of action against him. Consequently, this court does not have jurisdiction under 28 U.S.C. sections 1331 or 1343.

That leaves Ms. Cashman's state law claims: negligence, false arrest/false imprisonment, and California Civil Code section 52.1 violation. Based upon the lack of diversity between the Plaintiff and Officer Montana, these causes of action cannot proceed in federal court and must be dismissed pursuant to F.R.C.P. 12(b)(1).

The United States District Courts have jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. 1332. A determination of whether diversity jurisdiction exists is strictly construed. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1092. Any doubt that diversity jurisdiction exists is resolved *against* a finding of such jurisdiction. *Id.*; *Sheehan v. Gustafson* (8th Cir. 1992) 967 F.2d 1214, 1215.

Ms. Cashman is a resident of California. [Complaint at ¶1.] Similarly, Officer Montana is a resident of California. [Complaint at ¶5.] Consequently, diversity jurisdiction does not exist between the Plaintiffs and the Defendants for purposes of the Plaintiffs' state law claims. In accordance, the third through sixth causes of action must be dismissed based upon the lack of diversity.

## V.

## CONCLUSION

For the foregoing reasons, Officer Montana respectfully requests the Court dismiss the Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), without leave to amend.

DATED: September 2, 2008            HIGGS, FLETCHER & MACK LLP

                                    By:_____
                                    STEVEN J. COLOGNE, ESQ.
                                    MICHAEL R. GIBSON, ESQ.
                                    Attorneys for Defendants
                                    SAN DIEGO UNIFIED
                                    SCHOOL DISTRICT, JAMES GOOD and
                                    JESUS MONTANA